## Armin W. Brand et al., Appellants, v. John H. F. Rueter et al., Appellees.

### Gen. No. 21,322. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed July 20, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Armin W. Brand and others, complainants, against John H. F. Rueter and others, defendants, to foreclose a trust deed to secure his four notes dated September 1, 1892, one for $5,000 and three for $1,000 each. From a decree dismissing the amended bill for want of equity, complainants appeal.

It appeared that by extension the notes matured September 1, 1900. The semiannual interest of $280 was paid regularly up to September 1, 1899. On March 1, 1900, $80 was paid and credited. On February 2, 1902, $8,000 was paid and applied, first, to liquidate the accrued interest on all the notes to that date, next, to the payment of the note for $5,000 and one note for $1,000, and then to the reduction of the other two notes to $635 each.

After a request for interest in the fall of 1902, Rueter, in December or January following, gave the agent of complainant Brand, holder of the notes, a note for $50 of a third person payable to the order of and indorsed by Rueter, which was collected on February 6, 1903, and credited of that date, of which Rueter was notified. The record disclosed no agreement to accept the note as payment of any part of the debt, and no circumstances that raised a presumption that it was so taken.

Rueter borrowed the money to improve one of the

lots conveyed by the trust deed. He applied to one Blumenthal, a mortgage broker, for the loan, and agreed to pay him a commission of two and one-half per cent. and the expenses connected therewith, such as examining abstract, recording, etc. The latter submitted it to one Michael Brand, who looked over the property, accepted the security, and gave Blumenthal his check for the amount of the loan, $8,000. Blumenthal deducted therefrom $200 for his commission and paid out the balance to Rueter's contractor on Rueter's orders. Rueter requested Blumenthal to get an extension of time as aforesaid on the notes, which was done and for which he paid Blumenthal another commission of $200. No part of either commission was received by the lender, Brand. During the year 1892, Blumenthal made other loans for said Brand and he collected the interest on the notes in question while said Brand owned them. They became the property of complainant Armin W. Brand, in 1899, after which the payments thereon were made to the latter's agent. Neither the lender nor subsequent owners of the notes received or agreed to receive more than the legal rate of interest thereon. The compensation paid to Blumenthal for negotiating the loan and procuring an extension of the time of payment was according to contract between him and his borrower, with which the lender had no connection and of which he had no knowledge.

Evidence was received tending to show that Blumenthal had not taken out a license as required by the ordinances of the City of Chicago. There was also evidence that the notes were signed September 3, 1892, and dated September 1, 1892, and that the original loan was not paid over to Blumenthal until November 10, 1892, but that the interest was paid thereon from the date of the note. The record did not disclose whether the lender held the money for Rueter's use from the date of the note. The arrangement between him and

the lender in that respect was not shown. Brand agreed to make the loan before September 1st.

James H. Hood, for appellants.

James A. Peterson, for appellees.

Mr. Presiding Justice Barnes delivered the opinion of the court.

## Abstract of the Decision.

1. PAYMENT, § 15*—*when application of payment proper.* An application of payment to liquidate accrued interest on notes to the date when made, and thereafter to the payment of the principal of the notes, is proper especially in the absence of any direction by the debtor.

2. PAYMENT, § 6*—*when note of third person a conditional payment.* Where a debtor gives a note of a third person, in the absence of any agreement that such note be accepted as payment of any part of the debt and of circumstances raising a presumption that it was so taken, the giving of the note will be deemed conditional payment only, and as of the date when it is collected.

3. LIMITATION OF ACTIONS, § 23*—*when statute commences to run in action on note.* In an action on a note where the debtor gives the note of a third person in payment of the note in suit, the note of such third person being deemed conditional payment only and of the date of its collection, the running of the statute of limitations is regulated by the date of the payment of such third person's note.

4. USURY, § 5*—*when evidence insufficient to show usury.* In an action to foreclose a trust deed secured by promissory notes, evidence examined and *held* insufficient to show usury.

5. MORTGAGES, § 503*—*when evidence as to want of license inadmissible.* In an action to foreclose a trust deed executed to secure promissory notes, evidence as to whether or not the intermediary securing the loan evidenced by such note was licensed in accordance with city ordinance, *held* irrelevant.

6. USURY, § 53*—*when burden of proof on debtor.* Where in an action to foreclose a mortgage secured by notes the defense of usury is set up, the burden of proving usury is on the debtor.

7. USURY, § 32*—*when usury not a defense.* In a suit to foreclose a trust deed executed to secure promissory notes where the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Ryan v. Chicago Foundry Co., 200 Ill. App. 45.

interest, if usurious, was paid before maturity and before the transfer of the notes to the holder bringing the suit thereon, the defense of usury is not available.

---

## James J. Ryan, Appellee, v. Chicago Foundry Company, Appellant.

### Gen. No. 21,398.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed July 20, 1916.

### Statement of the Case.

Assumpsit by James J. Ryan, plaintiff, against Chicago Foundry Company, a corporation, defendant, based upon an award made for plaintiff against defendant under the Workman's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*), which was signed by only two of the three arbitrators appointed thereunder. From a judgment for plaintiff, defendant appeals.

EASTMAN & WHITE, for appellant.

GORMAN, POLLOCK, SULLIVAN & LIVINGSTON, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. WORKMEN'S COMPENSATION ACT—*when award signed by two of three arbitrators sufficient.* Under section 10 of the Workmen's Compensation Act (J. & A. ¶ 5459), and section 1 of the act as to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.